IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JEREMIAH ULYSSES CRAYTON,<br>      Petitioner,<br>    v.<br>CHARLES L. RYAN, TERRY GODDARD,<br>      Respondents. | CIV 10-01409 PHX FJM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE FREDERICK J. MARTONE:**

On or about July 2, 2010, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10) on October 21, 2010. Petitioner has not filed a traverse to the answer to his petition.

**I Procedural History**

On July 16, 2007, pursuant to a written plea agreement, Petitioner pled guilty to one count of child prostitution, two counts of attempted child prostitution, and two counts of attempted sexual conduct with a minor. See Answer, Exh. A. Pursuant to the plea agreement, the state agreed to drop several charges against Petitioner and agreed to drop an allegation of prior convictions and the allegation that Petitioner was on

probation at the time of the crimes.  <u>See</u> <u>id.</u>, Exh. A.

On August 21, 2007, Petitioner was sentenced to a term of 17 years' imprisonment pursuant to his conviction for child prostitution, and concurrent terms of 3.5 years imprisonment pursuant to each of his two convictions for attempted child prostitution.  Petitioner was further sentenced to a term of lifetime probation for each of the two convictions for attempted sexual conduct with a minor.  <u>Id.</u>, Exh. B.

Petitioner initiated an action for state post-conviction relief.  In his state Rule 32 action Petitioner asserted his trial counsel coerced him into accepting the plea bargain and that his guilty plea resulted from the ineffective assistance of counsel as reflected by trial counsel's motion to withdraw as Petitioner's counsel.  <u>See</u> <u>id.</u>, Exh. C & Exh. D.

On December 1, 2008, the state trial court denied relief on the merits of Petitioner's claims in his Rule 32 action.  <u>Id.</u>, Exh. E.  The trial court found that Petitioner had failed to demonstrate that his plea was coerced.  The trial court noted Petitioner's own sworn affirmation during the plea hearing that "his plea was no the result of any coercion, promises, force, or threats."  <u>Id.</u>, Exh. E.  The state trial court further concluded that Petitioner had failed to state a colorable claim of ineffective assistance of counsel.  <u>Id.</u>, Exh. E.  The trial court noted that, although Petitioner's counsel had initially filed a motion to withdraw as counsel, the motion itself was subsequently withdrawn.  <u>Id.</u>, Exh. E.  The trial court determined that Petitioner had failed to present any

specific act or omission that constituted ineffective assistance of counsel. Id., Exh. E. The state trial court also determined Petitioner had failed to establish that, but for counsel's alleged errors, the result of Petitioner's criminal proceedings would have been different. Id., Exh. E.

Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on February 25, 2010. Id., Exh. F. & Exh. G.

In his federal habeas petition Petitioner asserts he is entitled to relief because his guilty plea was coerced in violation of his right to due process and because his guilty plea resulted from ineffective assistance of counsel.

**II Analysis**

Petitioner raised his claims in the state courts and the state court denied relief on the merits of the claims.

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d) (1994 & Supp. 2010); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325

1  (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct.
2  1029, 1041 (2003); Maxwell v. Roe, 606 F.3d 561, 567-68 (9th
3  Cir. 2010); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir.
4  2007), cert. denied, 129 S. Ct. 247 (2008).  The "presumption of
5  correctness is equally applicable when a state appellate court,
6  as opposed to a state trial court, makes the finding of fact."
7  Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05
8  (1982).  See also Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1
9  (9th Cir. 2009), cert. denied, 130 S. Ct. 1086 (2010).

10         A state court decision is contrary to federal law if it
11 applied a rule contradicting the governing law of Supreme Court
12 opinions, or if it confronts a set of facts that is materially
13 indistinguishable from a decision of the Supreme Court but
14 reaches a different result.  See Brown v. Payton, 544 U.S. 133,
15 141, 125 S. Ct. 1432, 1438 (2005); Yarborough v. Alvarado, 541
16 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); Williams v. Taylor,
17 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000).  For
18 example, a state court's decision is considered "contrary to
19 federal law" if the state court erroneously applied the wrong
20 standard of review or an incorrect test to a claim.  See Knowles
21 v. Mirzayance, 129 S. Ct. 1411, 1419 (2009); Wright v. Van
22 Patten, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008).
23 See also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008);
24 Bledsoe v. Bruce, 569 F.3d 1223, 1233 (10th Cir. 2009).

25         The state court's determination of a habeas claim may
26 be set aside under the unreasonable application prong if, under
27 clearly  established  federal  law,  the  state  court  was

"unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). See also Murdoch v. Castro, 609 F.3d 983, 990-91 (9th Cir. 2010) (en banc); Vasquez, 572 F.3d at 1035-38; Cook, 538 F.3d at 1015. However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered *objectively* unreasonable. Williams, 529 U.S. at 409, 120 S. Ct. at 1521; Carey, 549 U.S. at 74-75, 127 S. Ct. at 653. An unreasonable application of law is different from an incorrect one. See Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850 (2002); Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).

Furthermore, only United States Supreme Court holdings, and not dicta or concurring opinions, at the time of the state court's decision are the source of "clearly established federal law" for the purpose of the "unreasonable application" prong of federal habeas review. Williams, 529 U.S. at 412, 120 S. Ct. at 1523; Carey, 549 U.S. at 74, 127 S. Ct. at 653; Ponce v. Felker, 606 F.3d 596, 599 (9th Cir.), cert. denied, 79 U.S.L.W. 3269 (Nov. 01, 2010); Plumlee v. Masto, 512 F.3d 1204, 1209-10 (9th Cir. 2008), cert. denied, 125 S. Ct. 2885 (2009).

If the Supreme Court has not addressed a specific issue in its holdings, the state court's adjudication of the issue cannot be an unreasonable application of clearly established federal law. See Stenson, 504 F.3d at 881, citing Kane v. Garcia Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006).

1  Stated another way, if the issue raised by the petitioner "is an
2  open question in the Supreme Court's jurisprudence," the Court
3  may not issue a writ of habeas corpus on the basis that the
4  state court unreasonably applied clearly established federal law
5  by rejecting the precise claim presented by the petitioner.
6  Cook, 538 F.3d at 1016; Crater v. Galaza, 491 F.3d 1119, 1123
7  (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008).  The
8  United States Supreme Court "has held on numerous occasions that
9  it is not an unreasonable application of clearly established
10 Federal law for a state court to decline to apply a specific
11 legal rule that has not been squarely established by this
12 Court."  Knowles, 129 S. Ct. at 1419, citing Wright, 552 U.S. at
13 124-25, 128 S. Ct. at 746-47.  See also Vasquez, 572 F.3d at
14 1038.

15         The holdings of the Circuit Courts of Appeal are
16 relevant to resolution of a petitioner's habeas claims only to
17 the extent they are useful in deciding whether the law has been
18 clearly established or that the state court decision is an
19 "unreasonable application" of United States Supreme Court
20 precedent, and not with regard to what constitutes a violation
21 of constitutional rights.  See Maxwell, 606 F.3d at 567; Bible
22 v. Ryan, 571 F.3d 860, 870 (9th Cir. 2009), cert. denied, 130 S.
23 Ct. 1745 (2010); Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1172
24 (9th Cir. 2003).  Compare Smith v. Dinwiddie, 510 F.3d 1180,
25 1186 (10th Cir. 2007).

26         Accordingly, a state court decision may be contrary to
27 a Ninth Circuit Court of Appeals' holding without being an
28

unreasonable application of United States Supreme Court precedent. See Kessee v. Mendoza Powers, 574 F.3d 675, 679 (9th Cir. 2009). The Ninth Circuit has held that when a Supreme Court decision does not "squarely address" the issue presented by the habeas petitioner, or if the Supreme Court principle does not "clearly extend" to the context of the situation presented by the petitioner, "it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue." Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009).

The Court must review the last reasoned state court opinion on the claims raised in the habeas action. See, e.g., Maxwell, 606 F.3d at 568; Vasquez, 572 F.3d at 1035. When there is no "reasoned" state court decision explaining the state's denial of a claim presented in a federal habeas petition, the District Court must perform an independent review of the record to ascertain whether the state court's decision summarily denying the claim was objectively reasonable. See Medley v. Runnels, 506 F.3d 857, 863 & n.3 (9th Cir. 2007), cert. denied, 128 S. Ct. 1878 (2008); Stenson, 504 F.3d at 890; Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005). If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Panetti v.

-7-

Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Frantz, 533 F.3d at 736-37; Butler v. Curry, 528 F.3d 624, 641 (9th Cir. 2008). See also Jones v. Ryan, 583 F.3d 626, 640 (9th Cir. 2009); Delgadillo v. Woodford, 527 F.3d 919, 924-25 (9th Cir. 2008).

**1. Petitioner contends his guilty plea was coerced**

Petitioner raised this issue in his state Rule 32 action. The state court concluded that Petitioner's guilty plea was not coerced.

A state court's factual finding that a plea was voluntary and knowing is entitled to a presumption of correctness by a federal habeas court. See Lambert v. Blodgett, 393 F.3d 943, 982 (9th Cir. 2004); Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006); Solis v. Garcia, 219 F.3d 922, 926 (9th Cir. 2000).

Petitioner's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to

-8-

summary dismissal, as are contentions that in the face of the record are wholly incredible"); United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); Restucci v. Spencer, 249 F. Supp. 2d 33, 45 (D. Mass. 2003) (collecting cases so holding). Because Petitioner stated at the time of his guilty plea that his guilty plea was knowing and voluntary, the Court concludes that, as a matter of fact, the plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

The state court's determination that Petitioner's guilty plea was not coerced was not clearly contrary to nor an unreasonable application of federal law and, accordingly, Petitioner is not entitled to federal habeas relief on this claim.

**2. Petitioner asserts his counsel was unconstitutionally ineffective during his criminal plea and sentencing proceedings**

In his state Rule 32 action Petitioner argued his counsel's performance was unconstitutionally ineffective. The state court concluded Petitioner was not entitled to relief because he had not established that his counsel's performance was deficient or that he was prejudiced by any alleged error.

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are governed by the doctrine of Strickland v. Washington. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369-70 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992).

-9-

The Strickland standard requires a defendant to "show that his counsel's performance was deficient, and that the deficient performance prejudiced him." Lambright v. Stewart, 241 F.3d 1201, 1206 (9th Cir. 2001), citing Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). When a defendant challenges a conviction resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

      To succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Hill, 474 U.S. at 58, 106 S. Ct. at 370; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). A lawyer's advice to plead guilty in the face of strong inculpatory evidence does not constitute ineffective assistance of counsel. See United States v. Cassidy, 428 F.2d 383, 384 (9th Cir. 1970); Schone v. Purkett, 15 F.3d 785, 790 (8th Cir. 1994); Jones v. Dugger, 928 F.2d 1020, 1028 (11th Cir. 1991).

> "[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." In McMann v.

-10-

> <u>Richardson</u>, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." <u>McMann</u>, 397 U.S. at 771. Thus, for the petitioner to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel...." <u>Id.</u> at 772. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

<u>Turner v. Calderon</u>, 281 F.3d 851, 880 (9th Cir. 2002) (some internal citations and quotations omitted).

Petitioner has not presented any evidence that his counsel's performance was deficient. Petitioner has not established that, but for his counsel's performance, he would not have pled guilty but instead would have proceeded to trial. The state court's conclusion that Petitioner was not denied his right to the effective assistance of counsel was not clearly contrary to, nor an unreasonable application of federal law and, accordingly, Petitioner is not entitled to relief on this claim.

**III Conclusion**

The state court's determination that Petitioner's guilty plea was not coerced and that Petitioner was not denied his right to the effective assistance of counsel was not clearly contrary to nor an unreasonable application of federal law as expressed by the United States Supreme Court. Therefore, Petitioner is not entitled to federal habeas relief on these

-11-

1  claims.

2  **IT IS THEREFORE RECOMMENDED** that Mr. Crayton's Petition
3  for Writ of Habeas Corpus be **denied and dismissed with**
4  **prejudice**.

5

6  This recommendation is not an order that is immediately
7  appealable to the Ninth Circuit Court of Appeals.  Any notice of
8  appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
9  Procedure, should not be filed until entry of the district
10 court's judgment.

11 Pursuant to Rule 72(b), Federal Rules of Civil
12 Procedure, the parties shall have fourteen (14) days from the
13 date of service of a copy of this recommendation within which to
14 file specific written objections with the Court.  Thereafter,
15 the parties have fourteen (14) days within which to file a
16 response to the objections.   Pursuant to Rule 7.2, Local Rules
17 of Civil Procedure for the United States District Court for the
18 District of Arizona, objections to the Report and Recommendation
19 may not exceed seventeen (17) pages in length.

20 Failure to timely file objections to any factual or
21 legal determinations of the Magistrate Judge will be considered
22 a waiver of a party's right to de novo appellate consideration
23 of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114,
24 1121 (9th Cir. 2003) (en banc).  Failure to timely file
25 objections to any factual or legal determinations of the
26 Magistrate Judge will constitute a waiver of a party's right to
27 appellate review of the findings of fact and conclusions of law
28

-12-

in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 1st day of December, 2010.

_____
Mark E. Aspey
United States Magistrate Judge

-13-